

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

DEREK WEBB *et al.*,

                    Plaintiffs,

    v.

MIKOHN GAMING CORPORATION, and
PROGRESSIVE GAMES INC.,

                  Defendants.

> SOUTHERN DISTRICT OF MISSISSIPPI
> **FILED**
> FEB - 8 2007
> J. T. NOBLIN, CLERK
> BY_____ DEPUTY

Civil Action  No. 3:02-CV-1838 WS

## SPECIAL VERDICT FORM

       The Court now provides you with this special verdict form.  You are to follow this form and use it to report your findings after you have reached a unanimous verdict.

I.

       The plaintiffs herein, Derek Webb, Hannah O'Donnell, and Prime Table Games, contend that  Defendants Mikohn Gaming Corporation and/or Progressive Games, Inc. ("PGI") engaged in anti-competitive conduct by the filing of a patent infringement lawsuit by Progressive Games Inc. against Derek Webb, Hannah O'Donnell and Prime Table Games attempting to enforce patents that Mikohn Gaming Corporation and Progressive Games Inc. allegedly knew were obtained by fraud on the Patent and Trademark Office.

A.    Thus, you must determine whether Plaintiffs have proved by <u>clear and convincing evidence</u> that Progressive Games Inc. obtained the '485 and '341 patents by <u>fraud</u> on the Patent and Trademark Office.  Answer all three questions below.

       1.    Do you find that Progressive Games Inc. knowingly and willingly made a fraudulent omission or misrepresentation of material fact to the Patent and Trademark Office during the prosecution of the '485 and '341 patents?
            **X**    Yes  (for plaintiffs)
            _____ No   (for defendants)

       2.    Do you find that Progressive Games Inc. had a clear intent to deceive the Patent Examiner, if you find that Progressive Games Inc. made a fraudulent omission or misrepresentation of material fact?
            **X**    Yes  (for plaintiffs)
            _____ No   (for defendants)

       3.    Do you find that Progressive Games Inc. made a fraudulent  misrepresentation or omission upon which the Patent and Trademark Office relied and that the '485 and '341 patents would not have issued but for the fraudulent misrepresentation or omission?
            **X**    Yes  (for plaintiffs)
            _____ No   (for defendants)

In order to prevail on this claim, plaintiffs are required to prove all three of the above elements. If plaintiffs have done so, then you have found for plaintiffs on this claim. If any of your answers above are "NO", you have found for defendants on this claim. Therefore, place an "X" on the appropriate line below:

__X__ We, the jury, find by clear and convincing evidence that Progressive Games, Inc., obtained the '485 and '341 patents by fraud on the Patent and Trademark Office. (for plaintiffs)

**OR**

_____ We, the jury, do not find by clear and convincing evidence that Progressive Games, Inc., obtained the '485 and '341 patents by fraud on the Patent and Trademark Office.   (for defendants)

You should now proceed to subsection B.

The plaintiffs, Derek Webb, Hannah O'Donnell, and Prime Table Games, further contend that defendants Mikohn Gaming Corporation and Progressive Games, Inc., ("PGI") engaged in anti-competitive conduct by the filing of a sham lawsuit by Progressive Games, Inc., against Derek Webb, Hannah O'Donnell and Prime Table Games attempting to enforce patents that Mikohn Gaming Corporation and Progressive Games, Inc. allegedly knew were unenforceable or allegedly knew were not being infringed by Plaintiffs Derek Webb, Hannah O'Donnell and Prime Table Games.

B.   Therefore, you must determine whether Plaintiffs have proved by clear and convincing evidence that Progressive Games, Inc. filed a lawsuit on December 28, 1998, against Derek Webb, Hannah O'Donnell and Prime Table Games knowing that the '485 and '341 patents were unenforceable or knowing that Derek Webb, Hannah O'Donnell and Prime Table Games had not infringed Progressive Games, Inc.'s patents. Answer all questions below.

1.   Do you find that the infringement lawsuit filed by Progressive Games, Inc. against Derek Webb, Hannah O'Donnell and Prime Table Games was objectively baseless at the time the lawsuit was filed on December 28, 1998, because Progressive Games, Inc. knew that the '485 and '341 patents were unenforceable?
__X__ Yes  (for plaintiffs)
_____ No   (for defendants)

2.   Do you find that the patent infringement lawsuit filed by Progressive Games Inc. against Derek Webb, Hannah O'Donnell and Prime Table Games was motivated by a subjective intent to abuse the litigation process to interfere with the business of a competitor, rather than a bonafide effort  to obtain judicial relief?
__X__ Yes  (for plaintiffs)
_____ No   (for defendants)

If your answer is "yes" to both questions above, you have found for the plaintiffs on this part of their claim. If either one of your answers is "no", you have found for the defendants on this part of plaintiffs' claim.

2041082.1/13429.18468

Since the plaintiffs' claim under this section is in two parts, you still must address the second part. To do so, answer both of the following questions.

(1)    Do you find that the infringement lawsuit filed by Progressive Games, Inc. against Derek Webb, Hannah O'Donnell and Prime Table Games was objectively baseless at the time the lawsuit was filed on December 28, 1998 because Progressive Games, Inc. knew that Derek Webb, Hannah O'Donnell and Prime Table Games had not infringed Progressive Games, Inc.'s patents?

    __X__ Yes  (for plaintiffs)
    _____ No  (for defendants)

(2)    Do you find that the patent infringement lawsuit filed by Progressive Games, Inc. against Derek Webb, Hannah O'Donnell and Prime Table Games was motivated by a subjective intent to abuse the litigation process to interfere with the business of a competitor, rather than a bonafide effort to obtain judicial relief?

    __X__ Yes  (for plaintiffs)
    _____ No  (for defendants)

If your answer is "yes" to both questions above, you have found for the plaintiffs on this part of their claim. If either one of your answers is "no", you have found for the defendants on this part of plaintiffs' claim.

C.    IF YOU HAVE FOUND FOR THE PLAINTIFFS ON ANY OF THE ABOVE CLAIMS, PROCEED TO SECTION II.

IF YOU HAVE FOUND FOR DEFENDANTS ON ALL OF PLAINTIFFS' PRECEDING CLAIMS, PROCEED NO FURTHER, YOUR WORK IS FINISHED. DISREGARD SECTIONS II, III, IV, V, AND VII BELOW, PROCEED TO PAGE SEVEN ENTITLED "VERDICT FOR DEFENDANTS", HAVE THE JURY FOREPERSON SIGN THAT PAGE AND NOTIFY THE COURT SECURITY OFFICER THAT YOU HAVE REACHED A UNANIMOUS VERDICT.

II.

You must now determine by a preponderance of the evidence the proper relevant market in this case. Place an "X" on the line next to the description which you find to be the proper relevant market in this case:

_____ Proprietary poker-based table games in the United States (Caribbean Stud, Let It Ride and Three Card Poker) (plaintiffs' proposed market)

__X__ All proprietary table games in the United States (plaintiffs' alternative proposed market)

_____ Proprietary poker-based table games and Blackjack in the United States (Caribbean Stud, Let It Ride, Three Card Poker and Blackjack) (defendants' proposed market)

_____ All casino table games in the United States (Caribbean Stud, Let It Ride, Three Card Poker, Blackjack, Craps, Roulette, Baccarat, Big Six, Pai Gow, and other table games) (defendants' alternative proposed market)

- 3 -

_____ All games that compete for space on the casino floor in the United States (all table games, slot machines and other electronic gaming machines) (defendants' alternative proposed market)

Once you have determined the relevant market, proceed to section III.

### III.

Do you find that Plaintiffs have proved by a <u>preponderance of the evidence</u> that when Progressive Games, Inc. filed a patent infringement lawsuit against Derek Webb, Hannah O'Donnell and Prime Table Games, Mikohn Gaming Corporation and/or Progressive Games Inc. specifically intended to acquire monopoly power within the relevant market?

__X__  Yes  ( for plaintiffs)

_____  No  (for defendants)

If your answer is "no", your work is finished.  Disregard sections IV, V, VI and VII below, proceed to Page Seven entitled Verdict for Defendants, have the jury foreperson sign that page and return to the courtroom.

If, however, your answer is "yes," proceed to Section IV below.

### IV.

Do you find that Plaintiffs have proved by a <u>preponderance of the evidence</u> that as of December 28, 1998, there was a dangerous probability that Mikohn Gaming Corporation and/or Progressive Games, Inc. would succeed in monopolizing the relevant market?

__X__  Yes  (for plaintiffs)

_____  No  (for defendants)

If your answer is "no", your work is finished.  Disregard sections V, VI and VII below, proceed to Page Seven entitled Verdict for Defendants, have the jury foreperson sign that page and return to the courtroom.

If, however, your answer is "yes," proceed to Section V below.

### V.

Do you find that Plaintiffs have proved by a <u>preponderance of the evidence</u> that the filing of the patent infringement lawsuit by Progressive Games, Inc. against Derek Webb, Hannah O'Donnell and Prime Table Games on December 28, 1998, proximately caused Derek Webb, Hannah O'Donnell and Prime Table Games, Inc. to be injured in their business or property?

__X__  Yes  (for plaintiffs)

_____  No  (for defendants)

- 4 -

If your answer is "no," your work is finished.  Disregard sections VI and VII below, proceed to Page Seven entitled Verdict for Defendants, have the jury foreperson sign that page and return to the courtroom.

If, however, your answer is "yes," proceed to Section VI below.

## VI.

Do you find that Plaintiffs have proved by a <u>preponderance of the evidence</u> that Mikohn Gaming Corporation and/or Progressive Games, Inc.'s actions caused a reduction in competition within the relevant market?

__X__ Yes   (for plaintiffs)

_____ No   (for defendants)

Do you find that these same actions by Mikohn Gaming Corporation and Progressive Games, Inc.'s caused injury to Plaintiffs in their business or property?

__X__ Yes   (for plaintiffs)

_____ No   (for defendants)

If your answer to either of the question in this section (section VI) is "no", your work is finished.  Disregard section VII below, proceed to Page Seven entitled Verdict for Defendants, have the jury foreperson sign that page and return to the courtroom.

If, however, your answer is "yes," proceed to Section VII below.

## VII.

## <u>VERDICT FOR PLAINTIFFS</u>

You must determine the total damages, if any, the Plaintiffs have proved by a <u>preponderance of the evidence</u> that were proximately caused to them by the filing of the patent infringement lawsuit by Progressive Games, Inc., in accordance with the damages instructions you have been given and write such amount, if any, in the blank in subsection A below.  Next, you must determine each entity whose acts or omissions proximately caused Plaintiffs' damages.  The form of your verdict shall be as follows:

A.   "We, the jury, find for the Plaintiffs Derek Webb, Hannah O'Donnell and Prime Table Games and assess their total damages as follows:

$ 13,000,000 Lost profits

$ 0 Going concern

- 5 -

B.     "We, the jury, find that the following Defendants are liable:

Mikohn Gaming Corporation     ___X___ Yes        _____ No

Progressive Games, Inc.       ___X___ Yes        _____ No."

*Suzanne Perry-Abadie*
Jury Foreperson

- 6 -

## **VERDICT FOR DEFENDANTS**

"We, the jury find for Defendants, Mikohn Gaming Corporation and Progressive Games Inc."


_____
Jury Foreperson

2041082.1/13429.18468

**SO SAY WE ALL:**

DATED THIS THE ___7^TH___ DAY OF ___FEBRUARY___, 2007.

Civil Action No. 3:02-cv-1838 WS

2041082.1/13429.18468